IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLENN R. SMITH,

        Plaintiff,

vs.                                                        CIVIL NO. 13-168 JP/LFG

SUSANA MARTINEZ, in her
individual capacity; and the
STATE OF NEW MEXICO,

        Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR LIMITED DISCOVERY

THIS MATTER is before the Court on Plaintiff's "Rule 56(d) Declaration Regarding Defendants' Motion for Summary Judgment on all of Plaintiff's Claims and/or For Qualified Immunity [Doc. 24]." [Doc. 27].

Plaintiff Glenn R. Smith ("Smith") requests discovery to allow him to respond to Defendants' Motion for Summary Judgment based on qualified immunity. Initially, Smith argues that Defendants should not be able to use the qualified immunity defense to halt all discovery because qualified immunity is not a defense to some of Smith's claims, such as breach of contract. [Doc. 27, at 3]. Smith is mistaken.

Qualified immunity protects governmental officials who perform discretionary functions from liability as well as from the burdens of trial and discovery. Mitchell v. Forsyth, 372 U.S. 511, 526 (1985); Medina v. Cram, 252 F.3d 1124, 1127-28 (10th Cir. 2001). When a defendant asserts qualified immunity, as did Governor Martinez, the law of this Circuit requires that all discovery be stayed pending a resolution of the qualified immunity motion. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). This is not only Tenth Circuit law, but the law as enunciated by the

United States Supreme Court.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 686-87 (2009).

In <u>Iqbal</u>, the Supreme Court addressed the issue of what to do when a plaintiff sues defendants who may assert the defense of qualified immunity, but also sues entities that cannot assert that defense.  The question before the Court was whether all discovery should be stayed or only the discovery relating to the qualified immunity defendants.  The Supreme Court stated that all discovery should be stayed.  <u>Id.</u>

The Court reasoned that if any discovery were permitted to go forward, then, the qualified immunity defendants would nonetheless have to participate in the discovery process by keeping abreast of discovery relating to other defendants, e.g., having to participate in depositions and having to take action to protect their legal interests.  The Supreme Court further noted that qualified immunity is not just a defense to liability, but also an entitlement to be free from the burdens of trial, including discovery, until the court decides the qualified immunity motion.

Such is the case here.  As in <u>Iqbal</u>, compelling the Governor to participate in discovery prior to a determination of qualified immunity, would force the Governor to lose the very benefit of the immunity defense.  Accordingly, the Court stays discovery as to all Defendants and all claims.

In the Rule 56(d) declaration, Smith contends that the stay of discovery was issued prior to the time any written discovery was answered.  Such discovery responses are necessary according to Smith to respond to the summary judgment motion.  [Doc. 27, at 4-5].  Smith refers to Interrogatory Nos. 2 through 6 concerning the circumstances of Smith's employment and termination; Interrogatory Nos. 8 and 9 concerning why the Governor and her agents would not respond to Smith's inquiries; Interrogatory Nos. 10 and 11 regarding other non-classified employees terminated by the Governor, as well as their political affiliation and financial contributions; and Interrogatory No. 12 regarding the duties of the Workers' Compensation Administration Director.

Smith also identifies Request for Production No. 2 regarding documents relating to at-will employment; Request for Production No. 3 regarding documents concerning employment status, termination or retention of Smith in his position as Director of the WCA; Request for Production No. 4 regarding documents to or from the Governor's transition team as to retention or termination of other employees; Request for Production No. 5 regarding documents concerning appointment of the Director from June 1, 2010 through June 2011; Request for Production No. 6 requesting documents on which the Governor relies to support the defense of absolute or qualified immunity; and Request for Production No. 8 regarding documents evidencing contributions identified in answers to interrogatories.

Smith concludes that he needs the responses and documents "to be able to respond adequately to the motion for summary judgment." [Doc. 27, at 5]. He also contends that he needs to take the Governor's deposition, as well as the depositions of Keith Gardner, who was the Governor's Chief of Staff, and Brian Moore, who was the Governor's Deputy Chief of Staff. [Id.].

Rule 56(d) allows for limited discovery if the non movant shows by declaration why it cannot present facts essential to justify its opposition to the qualified immunity motion. It is insufficient, however, for a plaintiff to simply argue that the motion for summary judgment is premature, that a plaintiff wishes to engage in discovery because it is not yet complete, or that a plaintiff wishes to be better prepared to respond to the pending motion. Rather, a plaintiff must demonstrate the specific discovery it wishes to take and, more importantly, how the fruits of the anticipated discovery will assist in overcoming defendant's *prima facie* showing of entitlement to judgment. Ben Ezra, Weinstein & Co. v. Am. Online, Inc., 206 F.3d 980, 987 (10th Cir.), *cert denied*, 531 U.S. 824 (2000).

Some of the interrogatories served do, indeed, focus on issues raised in the pending Motion

for Summary Judgment; and, therefore, the Court orders Defendants to respond to Interrogatory Nos. 2, 4, and 6.

In this case, Smith fails to demonstrate how the responses to any other Interrogatories or Requests for Production are necessary to respond to the motion and to overcome Defendants' *prima facie* showing. So, too, while Smith states he wants to take the depositions of the Governor and two assistants, he does not indicate what these deponents are expected to say and how the anticipated testimony might rebut an entitlement to qualified immunity. The conclusory statements about the need to engage in discovery so as to respond to the Motion for Summary Judgment are insufficient under Ben Ezra.

Put differently, a review of Smith's Declaration indicates that he simply wants to proceed with near full discovery before responding to the motion. This is impermissible. Iqbal, 556 U.S. at 686-87; Jones v. City & County of Denver, 854 F.2d 1206, 1211 (10th Cir. 1988).

While the Court is authorized to allow limited discovery, it must narrowly tailor the proposed discovery to the discrete question. *See, e.g.*, Maxey ex rel. Maxey v. Fulton, 890 F.2d 279, 282-83 (10th Cir. 1989). In this case, Smith did not narrow the request for discovery nor did he demonstrate how the fruits of the discovery are necessary to overcome Defendants' entitlement to qualified immunity. By failing to so plead, Smith does not satisfy the requirements under Ben Ezra.

Accordingly, Smith's request for limited discovery is granted in part and denied in part. Answers to Interrogatory Nos. 2, 4 and 6 are due by August 16, 2013. Plaintiff's respond to Defendants' Motion for Summary Judgment is now September 3, 2013.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge