# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GLENN R. SMITH,

             Plaintiff,

   vs.                                          NO. CIV  13-168 JP/LFG

SUSANA MARTINEZ, in her
individual capacity; and the
STATE OF NEW MEXICO,

             Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on both parties' motions to reconsider the undersigned Magistrate Judge's Order Granting in part and Denying in Part Plaintiff's Request for Limited Discovery.  The Court's August 2, 2013 Order [Doc. 28] allowed Plaintiff Glen R. Smith ("Smith") to conduct limited discovery for purposes of responding to Defendants' summary judgment motion based on qualified immunity.[1]

Specifically, the Court previously directed Defendants to respond to Interrogatory Nos. 2, 4, and 6, written discovery that was served before Defendants' summary judgment motion was fully briefed and before the Court stayed discovery in this case. [*See* Doc. 27, Smith's Rule 56(d) Declaration, and attached discovery requests.]   The Court determined that those limited interrogatories focused on issues raised in the pending summary judgment motion with respect to

---

[1]In addition to the defense of qualified immunity, Defendants set out other grounds to support dismissal of Smith's claims and his entire Complaint.

the qualified immunity defense.[2]  However, the Court denied Smith's request that Defendants answer other interrogatories and document requests and further denied Smith's request to depose Defendant Governor Susana Martinez and two assistants.  [Doc. 28, at 3-4.]

On August 9, 2013, Smith filed a motion to reconsider and clarify the Court's Order. [Doc. 29.] The motion is fully briefed. [Docs. 34, 38.] On August 16, 2013, Defendants also filed a motion to reconsider and clarify the Court's Order. [Doc. 30.] That motion is briefed through Smith's response. [Docs. 39.][3] The Court sees no need to await a reply in support of Defendants' motion to reconsider.  Based on Defendants' initial motion and response to Smith's motion, the Court finds that the arguments are adequately presented.  Moreover, in the interests of managing its docket, conserving expenses, and expediting this litigation, the Court determines that the motions are ready for resolution.[4]

## <u>Background</u>

On February 21, 2013, Smith brought this lawsuit in state court against Governor Susana Martinez ("Governor") and the State of New Mexico ("State" or "Defendants"). [Doc. 1, exhibit.] Defendants removed the lawsuit to federal court on the same date. [Doc. 1.]  The Complaint alleges, *inter alia*, violations of state and federal constitutional rights against the Governor in her individual capacity, and state law claims of breach of contract and inverse condemnation against the State.  The lawsuit arises out of the Governor's removal of Smith as Director of the Workers' Compensation

---

[2]The Court clarifies that Interrogatory No. 2 seeks information related to the state law breach of contract claim, in that Smith asked for facts supporting Defendants' contention that Smith was an at-will employee. [Doc. 27-1.]

[3]Smith's response incorporates his reply to his own motion to reconsider and provides no separate argument.  [Doc. 39.]

[4]Depending on the Court's ruling on these motions, the parties indicated they may or will file objections. The Court permitted an extension to file objections. [Docs. 31, 32.]

2

Administration ("WCA"), and the Governor's appointment of a successor before the "natural expiration of [Smith's] five-year term." [Doc. 13, JSR.]

Because the Governor asserted qualified immunity as an affirmative defense to some claims, the Court entered a standard Order on the Qualified Immunity Assertion [Doc. 18], explaining that discovery would be stayed upon the filing of a qualified immunity motion. The Order set out the procedure for filing a Rule 56(d) affidavit seeking limited discovery so as to allow Smith to respond to the qualified immunity motion.

On July 8, 2013, Defendants filed a motion for summary judgment on all of Smith's claims and/or a claim of qualified immunity. [Doc. 24.] Defendants assert, in part, that they are absolutely immune with respect to some claims and that the Governor is entitled to qualified immunity on claims asserted against her in her individual capacity. Defendants argue that they are immune from Smith's state law tort claims under the New Mexico Tort Claims Act and that no waiver of immunity applies. Defendants contend that Smith's takings and inverse condemnation claims fail to state a claim and that the State, as a governmental entity, is immune from actions based on contract, except where the action is based on a valid written contract. According to Defendants, Smith had no written contract of employment; therefore, the breach of contract claim must be dismissed as a matter of law.

On July 9, 2013, the Court entered an Order staying discovery based on Defendants' qualified immunity motion. [Doc. 25.] On July 25, 2013, Smith filed a Rule 56(d) affidavit seeking permission from the Court to conduct discovery. Smith attached copies of discovery requests he served on Defendants before the Court stayed discovery.

The parties both seek reconsideration and clarification of the Court's August 2, 2013 Order permitting limited discovery.

**Discussion**

I.     LEGAL STANDARD

The Federal Rules of Civil Procedure generally do not recognize motions for reconsideration. However, the Court analyzes such motions under either Rule 59(e) or 60(b).  Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).  Before amendments to Rule 59, the Court construed a motion to reconsider under Rule 59(e) if filed less than ten days after entry of the order at issue, and under Rule 60(b), if filed more than ten days after entry of the order.  However, in 2009 the Federal Rules of Civil Procedure were amended so that Rule 59(e) motions could be filed up to 28 days after entry of the order.  Fed. R. Civ. P. 59(e).

Here, neither party identifies a rule under which they bring the motions to reconsider.  Both motions were filed within 28 days after entry of the Court's August 2, 2013 Order.  Therefore, the construes the motions to reconsider under Rule 59(e).

In Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1153 (10th Cir. 2007), the Tenth Circuit Court of Appeals explained that it would not reverse a decision under Rule 59(e) "unless the district court made a clear error of judgment, or exceeded the bounds of permissible choice in the circumstances.... The abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions."  (citations omitted.)  Under Rule 59(e), a motion for reconsideration "should be granted only to correct manifest errors of law or to present newly discovered evidence."  Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000).[5]

---

[5]Even if the Court construed the motions under Rule 60(b), the Tenth Circuit explained that it is mindful that Rule 60(b) relief "is extraordinary" and granted only "in exceptional circumstances." Rogers, 502 F.3d at 1153 (citations omitted).

4

II.   <u>SMITH'S MOTION TO RECONSIDER OR CLARIFY</u>

Smith's primary argument in support of reconsideration is that he should be allowed discovery on the state law claims against the State of New Mexico. [Doc. 29, at 1.] He asserts that the State is not entitled to qualified immunity with respect to state law claims, and that because Defendants moved for summary judgment as to all of the claims, Smith should be permitted to conduct discovery on claims to which qualified immunity is not a defense. [<u>Id.</u>, at 2.]

In support of his position, Smith argues that the Court erroneously stated in the August 2 Order that qualified immunity applies to a claim of breach of contract. [<u>Id.</u>] The Court clarifies that it did not intend to say qualified immunity was a defense to a breach of contract claim, but rather, it explained that once qualified immunity is asserted as to one Defendant, even those Defendants not entitled to qualified immunity are protected from the burdens of trial and discovery until the qualified immunity motion is decided. [Doc. 28, at 1] (citations omitted).

In addition, the Court clarifies that by requiring Defendants to respond to Interrogatory No. 2 [Doc. 27-1, at 4], that seeks information about Smith's alleged at-will employment status, the Court did not foreclose all discovery with respect to the contract claim.  An employee's at-will status bears upon the question of the existence of an employment contract.

The Court also clarifies and reconsiders its decision to require Defendants to respond to Interrogatory No. 2 in its entirety.  Defendants must response to Interrogatory No. 2 through the phrase "that an 'exempt' employee means that an employee is at will" . . . . [<u>Id.</u>]  Defendants need not identify witnesses it intends to call to support the basis for termination and a summary of such witnesses' anticipated testimony.  That information will not assist Smith in overcoming Defendants' *prima facie* showing of entitlement to judgment on the contract claim.

Moreover, the Court observes that to the extent Smith can raise a genuine issue of material fact that he had an employment contract with the State, that information should be within his knowledge and possession.  However, in an abundance of caution, the Court requires Defendants to respond to Request No. 2 that seeks production of all documents supporting the position that Smith was an at-will employee in his position as Director of the WCA. [Doc. 27-1, at 7.]

The Court also directs Defendants to respond to Request No. 3 that asks for all documents created from September 1, 2010 through March 2011, regarding Smith's employment status. The Court clarifies that Defendants must answer this document request by producing responsive documents regarding Smith's employment status, "specific to" his termination or retention in his Director position.  The term "including" (used in the Request) is over broad with respect to the issues at hand.  In other words, as phrased, the document request implies that Defendants must produce not only documents relating to Smith's termination or retention but all other documents relating to his employment status.  This is not required.  To the extent such responsive documents exist, as clarified by the Court, from the Governor's Transition Team, the Governor's Office, the Department of Finance and Administration, and the WCA, Defendants must produce them.

The other two interrogatories to which the Court's Order [Doc. 28] required responses were Nos. 4 and 6, both of which specifically seek information on the defenses of qualified or absolute immunity. [Doc. 27-1, at 4-5.] The Court instructs Defendants to answer these interrogatories as previously ordered, with the exception that Defendants need not list witnesses they intend to call to support their contentions or provide a summary of anticipated testimony. [Doc. 27-1, Interrogatory No. 4.]

In addition, Defendants must produce all responsive documents to Request No. 6 that asks for documents that Defendants rely on with respect to the defenses of absolute or qualified

immunity.  Defendants are not required to produce copies of cases, statutes, or regulations, but they must produce any responsive documents they rely on, should they exist.

Upon reconsideration, the Court concludes that Smith sufficiently demonstrated that these specific discovery requests (Interrogatory Nos. 2, 3, 4, 6, and Document Request Nos. 2, 3, 6), as limited by the Court, could assist him in attempting to overcome Defendants' *prima facie* showing of entitlement to judgment on the claims.  *See* <u>Ben Ezra, Weinstein & Co. v. Am. Online, Inc.</u>, 206 F.3d 980, 987 (10th Cir.), *cert. denied*, 531 U.S. 824 (2000).  The basis for the Court's modifications of its August 2 Order is that its previous ruling exceeded the bounds of permissible choice under the circumstances of this case, thereby warranting reconsideration under Rule 59(e).

Regarding other discovery requests Smith served or depositions he sought to take, the Court denies Smith's request for reconsideration.  Smith's "belief" that other discovery requests "bear on the issue of the asserted defense of qualified immunity and are reasonably calculated to obtain the information needed" [Doc. 29, at 5] does not amount to a request for specific and narrowly tailored discovery as required by the Tenth Circuit in <u>Maxey ex rel. Maxey v. Fulton</u>, 890 F.2d 279, 282-83 (10th Cir. 1989).  The Court finds either that the discovery requests are too broad or that Smith failed to demonstrate how responses would assist him in overcoming Defendants' *prima facie* showing of entitlement to judgment on the claims.  Nor did Smith show with specificity, either in the Rule 56(d) affidavit or in the reconsideration briefing, how the requested depositions would tend to overcome Defendants' *prima facie* showing of entitlement to judgment on the claims.

The Court further observes that Defendants' summary judgment motion almost exclusively raises legal issues rather than factual disputes, in relation to such defenses as qualified immunity, absolute immunity, Tort Claims Act immunity, and failure to state a claim.  Defendants present this very argument in support of their position that no discovery is necessary to decide their motion.

[Doc. 34, at 2.] The Court agrees that very little discovery is required to respond to the legal issues. However, the Supreme Court decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 685 (2009), did not expressly foreclose limited discovery in order to respond to summary judgment motions on state law claims.[6]  And, while other authority cited by Defendants [Doc. 34, at 3 n.1] stands for the proposition that discovery is not allowed until the threshold question of qualified immunity is decided, those cases do not contemplate the situation where Defendants file a motion for summary judgment as to claims where qualified immunity is not a defense.

The Court reviewed cases cited by Defendants from the United States District Court for the District of Kansas.  The first two cases on which Defendants rely allowed discovery to proceed.  *See, e.g.,* <u>Kutilek v. Gannon</u>, 132 F.R.D. 296 (D. Kan. 1990); <u>Wolf v. United States</u>, 157 F.R.D. 494 (D. Kan. 1994).  The third case cited by Defendants, <u>Pfuetze v. State of Kan.</u>, 2010 WL 3718836 (D. Kan. Sept. 14, 2010) (unpublished), is distinguishable in that the qualified immunity motion addressed only claims where the defendant might be entitled to qualified immunity.  Finally, <u>Ciempa v. Jones</u>, 2012 WL 1565284 (N.D. Okla. May 2, 2012) (unpublished), *aff'd*, 511 F. App'x 781 (10th Cir. 2013), is distinguishable because it is a pro se prisoner civil rights case where the primary issue to address was exhaustion of administrative remedies.[7]  The Court does not find any of these cases

---

[6]The typical qualified immunity motion for summary judgment is narrowed to issues concerning the defense of qualified immunity.  In this regard, <u>Iqbal</u> instructs that even defendants not entitled to qualified immunity should not be forced to engage in discovery since that also requires all defendants, including those potentially entitled to qualified immunity, to participate in discovery.  Even under those circumstances, <u>Iqbal</u> does not trump Rule 56(d) that allows for limited discovery.  Moreover, here, Defendants move for summary judgment on all claims, including state law claims.  If Smith demonstrates how discovery is appropriate to respond to the motion for summary judgment on such claims, the Court commits no manifest error of law by allowing limited discovery.

[7]In this District inmate petitions, including civil rights actions, are generally excluded from pretrial case management procedures. D.N.M. LR-Civ 16.3(d).  Typically, discovery proceeds in prisoner civil rights litigation through a <u>Martinez</u> report as directed by the Court.

8

to compel a different result here.  Smith sufficiently demonstrated, in accordance with the pertinent legal standards, that he is entitled to the limited discovery described herein.

Thus, the Court grants, in part, Smith's motion for reconsideration and clarification, consistent with its rulings above.  To the extent Defendants are required to respond to additional discovery requests, answers and responses must be served on Smith by no later Friday, September 20, 2013.

III.   <u>DEFENDANTS' MOTION TO RECONSIDER OR CLARIFY</u>

Defendants argue that they should not be required to respond to any discovery requests and that the issues involved can be answered as a matter of law by the undisputed facts or by facts within Smith's personal knowledge. [Doc. 30, at 2.] The Court agrees, with the exception of the discovery requests that it directs Defendants to answer.

Defendants further state that they should be allowed to respond to and fully brief Smith's Rule 56(d) Declaration about why his requests for discovery are unnecessary. [<u>Id.</u>] The Court denies this request as Defendants have provided the same information in the motion for reconsideration briefing and also have an opportunity to re-argue their position in objections.

Defendants' motion for reconsideration essentially rehashes their position on the merits, *i.e.,* that they are entitled to summary judgment because Governor Martinez allegedly had express authority to take the actions she did, that she is entitled to immunity from § 1983 claims, that she is entitled to qualified immunity on the federal claims, and that Smith's state law claims fail as a matter of law. [Doc. 30, at 3, 4, 5, 6.] The undersigned Magistrate Judge does not decide these matters, as the motion is before Senior District Court Judge Parker.  Moreover, the possible success of Defendants' summary judgment motion does not determine the question of what information might be discoverable.

9

More specifically, Defendants assert they already answered some of the interrogatories at issue within their summary judgment motion. [Id., at 4.] Again, they argue the merits of the employment contract claim, alleging that they need not give a reason to terminate the employment of an at-will employee.  That argument must be decided by the trial judge.

Defendants also argue that some the terminology in Interrogatory No. 4, "party affiliation played no part" in the termination of Smith's employment, is vague and ambiguous.  The Court disagrees and finds the interrogatory sufficiently specific as to make it understandable.

Defendants assert that Smith is not entitled to discovery on the qualified immunity issues because he cannot show a genuine issue of material fact exists as to both of the required elements. [Doc. 30, at 5.] Thus, Defendants apparently concede that Smith might be able to dispute one element of the test but contend that he cannot successfully challenge the other element.  Even if true, this, in itself, does not convince the Court that Smith is precluded from conducting narrowly tailored discovery as to the question of qualified immunity.

The Court determines that responding to the limited interrogatories and requests for production, as narrowed by the Court, does not significantly interfere with Defendants' right to be free from the intrusive burdens of trial.  Instead, the discovery provides Smith with an opportunity for a limited, but necessary, exploration of the facts relevant to the contract claim and to the defense of qualified immunity.[8]

Finally, the Court does not agree that Smith failed to sufficiently narrow the requests for discovery at issue.  Moreover, Defendants did not provide grounds sufficient to convince the Court

---

[8]Smith's Reply [Doc. 38], on which he relies in his Response to Defendant's Motion [Doc. 39], is unhelpful.  The Reply repeats much of the argument presented in Smith's Motion, addresses the merits of the case [Id., at 6], and summarizes what Smith expects to provide in response to the summary judgment motion, including argument on express and implied employment contracts.  [Id., at 6-9.]

that it needed to correct "manifest errors of law."  Thus, the Court grants in part and denies in part Defendants' motion for reconsideration and clarification.  Clarification is provided as discussed *supra.*

IT IS THEREFORE ORDERED that Plaintiff's and Defendants' Motions for Reconsideration [Doc. Nos. 29, 30] are granted in part and denied in part, as described herein. Defendants' responses to interrogatories and documents requests must be served on Plaintiff by no later than Friday, September 20, 2013.  Any objections to the Court's Order [Doc. 28] must be filed no later than **Friday, September 20, 2013.**

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge