IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLENN R. SMITH,

            Plaintiff,

vs.                                                CIVIL NO. 13-168 JP/LFG

SUSANA MARTINEZ, in her
individual capacity; and the
STATE OF NEW MEXICO,

            Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENFORCEMENT OF ORDER [DOC. 41]

THIS MATTER is before the Court on Plaintiff Glenn E. Smith's ("Smith") "Motion for Enforcement of the Court's September 9, 2013 Memorandum Opinion and Order [Doc. 41]." The Court considered Smith's Motion [Doc. 45], Defendants' Response in Opposition [Doc. 48], and the Reply [Doc. 49]. Oral argument is not necessary. Instead, in accord with the requirements of D.N.M.LR-Civ. 7.6(a), this matter will be resolved on the submissions.

Consistent with its obligations, the Court stayed discovery [Doc. 25] after Defendant Susana Martinez ("Governor Martinez") filed a motion for summary judgment based on qualified immunity [Doc. 24]. Subsequently, Smith submitted a Fed. R. Civ. P. 56(d) declaration seeking limited discovery [Doc. 27]. The undersigned Magistrate Judge reviewed the declaration and, determining that it met the standard set out in Ben Ezra, Weinstein & Co. v. Am. Online, Inc., 206 F.3d 980, 987 (10th Cir.), *cert denied*, 531 U.S. 824 (2000), issued an order allowing narrowly tailored discovery [Doc. 28]. After both parties filed motions to reconsider, the Court issued another order allowing specific, limited discovery [Doc. 41]. *See* Maxey ex rel. Maxey v. Fulton, 890 F.2d 279, 282-83 (10th Cir. 1989).

**Interrogatories**

The Court ordered that Governor Martinez respond to Interrogatory Nos. 2, 3, 4 and 6. [Doc. 41.] It appears that Smith challenges Defendants' answers to Interrogatory Nos. 3, 4 and 6. [Doc. Nos. 45, 49.]

Interrogatory No. 3 asked Defendants to set forth "the substance of any communications with Defendant Susana Martinez regarding the employment of Plaintiff as WCA Director and the approximate dates of such communications," including if they were in writing and if there were other participants in the communications. [Doc. 45-1, at 2.]

Defendants responded:

> The Governor was informed that all policy-making heads of executive agencies were exempt from the Personnel Act and that they were at-will employees. The Governor communicated a general directive to remove those agency heads in order to allow her to make appointments to those positions in the new administration. Those individuals were invited to reapply for consideration for those positions. Following implementation of that general directive, Plaintiff indicated via counsel that he did not intend to resign and did not believe the Governor could terminate his employment. At that point, the Governor was advised that her constitutional authority to remove governor-appointed officials authorized her to terminate his employment. Those communications dealt with the legal status of the office of Director of WCA, and did not turn on individualized or personal information pertaining to Plaintiff.

[Doc. 45-1, at 2-3.]

Smith contends that this answer is incomplete and "impermissibly in the passive voice, i.e., "The Governor was informed . . . .". [Doc. 45, at 3; Ex. 45-1.]

The Court concludes that Defendants' answers to Interrogatory No. 3 are sufficient. While Smith may be correct that the answer to Interrogatory No. 3 is in the third person, that is not a basis to determine that the responses are inadequate or improper. When Defendant Martinez responds

2

"The Governor was informed," she is the Governor, and the Answer means that she was informed. The response in the third person is no different than the use of the majestic plural, sometimes called the "royal we." The Court perceives no significant distinction between Governor Martinez referring to herself in the third person and an individual in high office utilizing the pronoun "we" rather than "me." *See, e.g.,* http://en.wikipedia.org/wiki/royal_we..

Interrogatory No. 4 asked if Defendant contends "that party affiliation played no part in the termination of the employment of Plaintiff . . ." and further asked, if not, to provide facts supporting such contention. [Doc. 45-1.]

Defendants objected to the interrogatory on grounds that is vague and imprecise in the usage of "party affiliation" and "played no part." Without waiving the objections, Defendants answered as follows:

> Plaintiff's duties as the Director of the WCA "were policy-making and administrative in nature. Accordingly, the Governor, like her predecessors, sought to remove all policy-making heads of executive agencies in order to make appointments to those positions in the new administration. Plaintiff's party affiliation was not discussed, identified or considered in that decision. The decision to terminate Plaintiff did not turn on Plaintiff exercising any right of affiliation or speech as the governor was not aware of any of Mr. Smith's activities or speeches in that regard.

[Doc. 45-1, at 3-4.]

Smith argues that once the Court ordered an answer, Defendant is not entitled to voice objections before answering this interrogatory. [Doc. 45, at 3.] In Smith's reply, he asserts that he has certain information to support an inference that dialog occurred with the "ultimate decision-maker in the Governor's office regarding removing Plaintiff Smith, and that his removal was not just part of a blanket removal without any specific focus on Plaintiff Smith." [Doc. 49, at 4.] In addition, Smith relies on an email from the governor's office to a newspaper reporter that Governor

3

Martinez asked for the resignation of all political appointees from the previous administration, including Mr. Smith. [Doc. 49-1.]

With respect to Defendants' answer to Interrogatory No. 4, Smith identifies no deficiencies with the substance of the answer other than the assertion of objections. The Court finds the answer sufficient and requires no supplementation. To the extent, Smith seeks to assert an argument based on materials attached to the reply, he may do so in the summary judgment briefing.

While not referring to Interrogatory No. 6 by number, Smith argues that Governor Martinez was ordered to set forth the facts that support her claim of qualified immunity and that she did not do so. [Doc. 45-1.] Defendants answered as follows:

> Defendants object . . . on the basis that it is vague and over broad in its seeking "all facts". At this early stage in discovery, before all facts have been discovered, the Defendants cannot fully and completely respond to this Interrogatory.

[Doc. 45-1, at 4.] Subject to the objection, Defendants referred Plaintiff to the summary judgment motion and supporting documents exhibits. [Id.]

It is improper to answer an interrogatory by simply referring to another document. "Material outside the answers [to interrogatories] . . . ordinarily should not be incorporated by reference." Pilling v. Gen'l Motors Corp., 45 F.R.D. 366, 369 (D. Utah 1968). *See also* Nguyen v. Bartos, 2011 WL 4443314, *2 (E.D. Cal. Sept. 22, 2011) (unpublished) ("Answers to interrogatories must be responsive to the question, complete in themselves, and should not refer to pleadings, depositions, other documents . . . ."). Accordingly, the Court determines that Defendants' answer to Interrogatory No. 6 is improper. Governor Martinez must fully set out the basis for the claim of qualified immunity.

In addition, Smith contends that the answers to interrogatories are deficient because Governor Martinez did not provide verification of the answers to interrogatories. Instead, according to Smith, an assistant general counsel improperly signed answers to interrogatories specifically directed to Governor Martinez in her individual capacity. [Doc. 45.]

It is beyond dispute that interrogatories must be answered under oath, Fed. R. Civ. P. 33(b)(1)(3), and that the answers must be signed by the party making them. Fed. R. Civ. P. 33(b)(1)(5); Continental Insurance Co. v. McGraw, 110 F.R.D. 679, 681-82 (D. Colo. 1986) ("answers signed by the defendant's associate rather than the defendant, were not in compliance with Fed. R. Civ. P. 33.")

In this case, Governor Martinez did not sign or verify the answers. This is improper. Defendants argue that the answers were signed by an Assistant Attorney General who is authorized to respond for the State. It is true that an attorney may be authorized to sign the answers if the attorney has personal knowledge of the facts. *See, e.g.*, Jones v. Goldstein, 41 F.R.D. 271 (D. MD 1966; Rea v. Wichita Mortg. Corp., 747 F.2d 567 (10th Cir. 1984). Even accepting Defendants' argument that the Assistant Attorney General was authorized to sign answers on behalf of the State, Governor Martinez is still required to verify and sign her answers.

**Document Requests**

Smith argues that Defendants were not permitted to object to the document requests to which the Court ordered responses. Smith asserts that "[t]o the extent that interjection of objections caused the document production . . . to be restricted, the Plaintiff objects and requests . . . full production immediately." [Doc. 45, at 4.]

Defendants objected to Request for Production No. 3 but then noted production of documents. Defendants also voiced objections to Request No. 6, which sought documents on which

5

Defendants rely with respect to qualified immunity. Subject to the objection, Defendants referred Smith to the documents attached to the summary judgment motion and to additional documents being produced.

The Court is not in a position to determine if the document production was "restricted," nor did Smith identify how the production was non-responsive or insufficient. The Court will, however, require Defendants to provide by name, a list of documents it relies on in support of qualified immunity, including exhibits to the summary judgment motion and documents already produced in response to Request for Production No. 6.

Defendants are under a continuing obligation to supplement answers and disclosures in accordance with Fed. R. Civ. P. 26(e)(1)(A).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Enforcement is granted in part and denied in part. Additional answers or production of documents or the specified list must be served on Plaintiff by November 25, 2013. Plaintiff's response to the motion for summary judgment must filed by December 5, 2013.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge